Jeanette SCHEPPAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 86–1066.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 13, 1986.
Decided Feb. 5, 1987.

Mark J. Brice (Glenn K. Garnes; Koonz, McKenney & Johnson on brief) for appellant.

Dwight G. Rabuse, Appellate Staff, Dept. of Justice, Civil Division (Richard K. Willard, Asst. Atty. Gen., Justin W. Williams, U.S. Atty. on brief), for appellee.

Before WINTER, Chief Judge, BUTZNER, Senior Circuit Judge, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

BUTZNER, Senior Circuit Judge:

Jeanette Scheppan appeals the dismissal of her medical malpractice action against the United States. We affirm the judgment of the district court, because Scheppan's status as a commissioned officer of the Public Health Service bars her from suing the government for service connected injuries.

Scheppan was admitted for elective surgery to the Indian Health Service Hospital in Tuba City, Arizona. Scheppan served at the hospital as a commissioned officer in the Public Health Service and was entitled to free medical care there. Following surgery, she developed an infection which required further treatment.

Scheppan filed an administrative claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq., alleging that her infection and its resulting complications, including congestive heart failure and disfigurement, were caused by the negligence of Public Health Service personnel. After her claim was denied, she filed this action. The district court, citing *Alexander v. United States*, 500 F.2d 1 (8th Cir. 1974), concluded that the statutory disability compensation plan available to Public Health Service officers was Scheppan's only remedy, and upon motion of the United States, it dismissed her action.

In *Alexander*, a Public Health Service officer suffered disabling complications after elective surgery at a military hospital. The Eighth Circuit, relying on *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), held that the officer's medical malpractice action could not be maintained.

Scheppan argues that *Alexander* is both wrongly decided and distinguishable. She points out that since *Alexander* was decided the Court has reiterated:

> "*Feres* seems best explained by the 'peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty.' "

*United States v. Shearer*, 473 U.S. 52, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1985). Scheppan contends that the concern for military discipline which undergirds the *Feres* doctrine is misplaced in the context of the Public Health Service and the particular facts of her case. Because she was on medical leave during her operation, she claims her action should be governed not by *Feres* but by *Brooks v. United States*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), in which a serviceman injured on furlough by the negligence of an army truck driver was allowed to maintain an action under the Federal Tort Claims Act. Scheppan invokes Arizona's dual capacity doctrine to establish that the statutory disability compensation plan should not be her exclusive remedy, suggesting that while the federal government may be immune from suit while acting in its capacity as her employer, it should be liable for its negligence when acting as a health care facility.

The Federal Tort Claims Act directs courts to assess the government's liability by determining whether a private person would be liable in accordance with the law of the place where the negligence occurred. 28 U.S.C. § 1346(b). Nevertheless, we cannot accept Scheppan's argument that the law of Arizona is applicable to her claim against the government. In *Feres* the Court emphasized the federal character of the relationship between the government

and members of its military forces, and it rejected the notion that this relationship should be governed by state law. 340 U.S. at 142–44, 71 S.Ct. at 157–58. Two of the cases, *Jefferson* and *Griggs,* consolidated with *Feres* involved medical malpractice claims against military surgeons in peacetime. 340 U.S. at 137, 71 S.Ct. at 155. The Court found that the claimants' injuries arose out of or occurred in the course of service. It concluded that Congress did not intend to create a cause of action dependent on state law for service connected injuries due to negligence. Consequently, the Court held that the provisions Congress had made for treatment and disability compensation, rather than the Federal Tort Claims Act, afforded the claimants an appropriate remedy for service connected injuries caused by medical malpractice. 340 U.S. at 146, 71 S.Ct. at 159. *Shearer,* on which Scheppan relies, does not overrule the *Jefferson* and *Griggs* components of *Feres.*

Title 42 U.S.C. § 201(p) defines the "uniformed service" to include the Public Health Service as well as the armed services. Scheppan's status as a commissioned officer in the Public Health Service entitled her to free medical care at military and Public Health service facilities and to disability payments. 10 U.S.C. §§ 1071–1074a and 42 U.S.C. § 213a(a). Like the injuries caused by medical malpractice in *Jefferson* and *Griggs,* which were consolidated with *Feres,* the injuries that Scheppan alleges are service connected. We conclude that the rationale of *Feres* that addressed the malpractice claims in *Jefferson* and *Griggs* constitutes controlling precedent for dismissal of Scheppan's Federal Tort Claim action. *Accord Alexander v. United States,* 500 F.2d 1 (8th Cir.1974).

AFFIRMED.