**J. Gary MADSEN, Plaintiff-Appellee,**

v.

**The UNITED STATES of America, ex rel. The UNITED STATES ARMY, CORPS OF ENGINEERS, Defendant–Appellant.**

No. 87–2046.

United States Court of Appeals, Tenth Circuit.

Dec. 29, 1987.

Joanne R. Marvin, Dept. of Justice (Richard K. Willard, Asst. Atty. Gen., Dept. of Justice; William L. Lutz, U.S. Atty., D.N.M.; and Jeffrey Axelrad, Dept. of Justice, with her on the briefs), Washington, D.C., for defendant-appellant.

Bruce P. Moore, Albuquerque, N.M. (Leof T. Strand, Albuquerque, N.M., with him on the brief), for plaintiff-appellee.

Before McKAY, BARRETT and TACHA, Circuit Judges.

McKAY, Circuit Judge.

This appeal presents the issue of whether a military service-member is barred un-

der the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680 (1982), and its jurisdictional component, 28 U.S.C. § 1346(b) (1982), from suing the United States for alleged negligent acts of Army medical personnel while hospitalized in a military medical facility. Gary Madsen was admitted to an Army medical center on November 1, 1981, for treatment of injuries sustained in a motorcycle accident. Mr. Madsen, a Captain in the regular Air Force, was on terminal leave* anticipating his military retirement on December 1, 1981. Upon hospital admission, Mr. Madsen was placed on medical hold status and his retirement was delayed. Mr. Madsen was placed on the Temporary Disability Retired List (TDRL) in March 1982 and was permanently retired from the U.S. Air Force in May 1984.

In June 1984, Mr. Madsen brought suit in federal district court for damages under the FTCA alleging malpractice by Army medical personnel between November 1, 1981, and January 29, 1982, the dates of his initial hospitalization. The Government filed a motion to dismiss claiming the action was barred by the doctrine established in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The district court denied the Government's motion, finding that "the Plaintiff's duty status at the time of his admission to the medical center does not implicate the *Feres* doctrine." Record, vol. 1, doc. 23, at 5. Simultaneously, the district court *sua sponte* certified this issue for interlocutory appeal, recognizing that "application of the *Feres* doctrine would deprive [that c]ourt of subject matter jurisdiction and render further proceedings void...." *Id.* at 6–7. *See* 28 U.S.C. § 1292(b) (1982).

A determination of the district court's subject matter jurisdiction is a question of law. *Atkinson v. United States*, 825 F.2d 202, 204 (9th Cir.1987). Under the *Feres* doctrine, members of the uniformed services cannot bring tort suits against the Government for injuries that "arise out of or are in the course of activity incident to service." *Feres*, 340 U.S. at

146, 71 S.Ct. at 159. Thus, this appeal turns upon (1) establishing Mr. Madsen's status as a hospitalized military servicemember, and (2) determining whether his military medical treatment was incident to military service. If our review shows that Mr. Madsen's military status and medical treatment during the specified period of hospitalization fell within the ambit of the *Feres* doctrine, the district court is barred from exercising subject matter jurisdiction over further proceedings arising from Mr. Madsen's FTCA claims. *See LaBash v. United States Dept. of Army*, 668 F.2d 1153, 1156 (10th Cir.), *cert. denied*, 456 U.S. 1008, 102 S.Ct. 2299, 73 L.Ed.2d 1303 (1982).

First, neither party disputes that Mr. Madsen was a member of a uniformed service on active duty during his hospitalization at the Army medical center. Plaintiff's counsel admits that "[t]here is no doubt that Mr. Madsen was a member of the armed forces when the medical malpractice occurred. He also was on active duty but this court must carefully consider the nature of his active duty." Answer Brief, at 6. Mr. Madsen argues that between the critical dates of November 1, 1981, and January 29, 1982, he was either on terminal leave or in a status tantamount to military leave or discharge, a status which should allow a FTCA suit. Furthermore, Mr. Madsen claims that, because he was medically unfit for performance of actual military duties while on medical hold, his status was more accurately described as one of "inactive duty."

Active duty is a formal status. *See Kurlan v. Callaway*, 510 F.2d 274, 279–80 (2d Cir.1974). "The *Feres* decision is not predicated upon the length of time remaining before a serviceman is separated but rather upon his military status at the time of the negligent act." *Henning v. United States*, 446 F.2d 774, 777 (3d Cir. 1971), *cert. denied*, 404 U.S. 1016, 92 S.Ct. 676, 30 L.Ed.2d 664 (1972). *See Henninger v. United States*, 473 F.2d 814, 815 (9th Cir.), *cert. denied*, 414 U.S. 819, 94 S.Ct. 43,

---

* Terminal leave is "[o]rdinary leave granted with separation or retirement where member will be in leave status on the last day of active duty." Air Force Reg. 35–9, para. 1–27 (7 August 1981).

38 L.Ed.2d 51 (1973) (suit for negligent surgery barred when servicemember was completely processed for discharge but not released). Furthermore, the legal relationship created by active duty service is not set aside simply because the "nature" of the servicemember's military involvement seems inconsistent with the performance of actual military duties. *See Lampitt v. United States*, 753 F.2d 702 (8th Cir.), *cert. denied*, 472 U.S. 1029, 105 S.Ct. 3505, 87 L.Ed.2d 636 (1985) (Navy active duty servicemember on convalescent leave barred from bringing medical malpractice suit by the *Feres* doctrine). *Collins v. United States*, 642 F.2d 217 (7th Cir.), *cert. denied*, 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981) (suit barred by Air Force Academy cadet for alleged medical malpractice). Terminal leave, or leave taken prior to discharge, is statutorily defined as active duty service. 10 U.S.C. § 701(e) (1982). Like other forms of military leave, terminal leave can be cancelled at any time and the servicemember ordered to report to duty. *See* Air Force Reg. 35–9, para. 1–32 (7 August 1981). Correspondingly, an active duty servicemember under medical care remains subject to the orders of the hospital commander and the Uniform Code of Military Justice. *See* Army Reg. 40–2, para. 2–1(a) (change 1, 15 July 1981). While on terminal leave and on medical hold status, Mr. Madsen received active duty pay and accrued annual leave. In addition, he accumulated credit for active duty time later used in computing his military retirement pay. *See* 10 U.S.C. § 1333 (1982). Therefore, we conclude that Mr. Madsen's undisputed active duty status was clearly encompassed by the *Feres* doctrine and was not disturbed by his anticipated military retirement nor by the "nature" of his active duty. *Cf. Bankston v. United States*, 480 F.2d 495, 498 (5th Cir.1973) (when servicemember was hospitalized on day terminal leave was to end, factual determination was necessary regarding whether discharge had occurred prior to alleged medical negligence).

Second, Mr. Madsen argues that his military medical treatment was not incident to service since "[n]either decision of command nor professional military judgment were involved in the application or non-application of proper medical care ..." at the Army medical center. Answer Brief, at 9. However, injury to active duty servicemembers as a result of military medical care has been regarded as incident to service and not the subject for suit under the FTCA. *LaBash*, 668 F.2d at 1155, nn. 2, 3. Even elective surgery has been found incident to service when performed by military personnel on active duty servicemembers. *Harten v. Coons*, 502 F.2d 1363 (10th Cir. 1974), *cert. denied*, 420 U.S. 963, 95 S.Ct. 1354, 43 L.Ed.2d 441 (1975).

The U.S. Supreme Court recently reaffirmed and strengthened the *Feres* doctrine as it applies to active duty servicemembers in a variety of circumstances. *United States v. Stanley*, — U.S. —, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987) (servicemember volunteer in chemical testing program barred from bringing FTCA suit); *United States v. Johnson*, — U.S. —, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987) (Government has no FTCA liability for helicopter crash during Coast Guard rescue mission); *United States v. Shearer*, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985) (kidnap and murder of one serviceman by another did not give rise to FTCA negligence suit even though military authorities knew murderer had prior conviction for manslaughter). Observing this development, the Ninth Circuit restated the three rationales supporting the *Feres* doctrine: "(1) the distinctly federal nature of the relationship between the government and members of its armed forces ...; (2) the availability of alternative compensation systems; and (3) the fear of damaging the military disciplinary structure." *Atkinson*, 825 F.2d at 204. While the third rationale has been previously regarded as controlling, the *Atkinson* court submitted that *Johnson* now "appears to breathe new life into the first two *Feres* rationales" as well. *Id.* at 205–06. *See Johnson*, 107 S.Ct. at 2068–69 (three rationales have previously been emphasized by the Court; examination of each showed circumstances fell "within the heart of the *Feres* doctrine as it

consistently has been articulated"). Thus, the Ninth Circuit held that a servicemember who claimed she received negligent prenatal care by military health care providers was now barred from suit by the *Feres* doctrine. *Atkinson*, 825 F.2d at 206.

The three *Feres* doctrine rationales are equally applicable to Mr. Madsen's military medical treatment. Because his injuries occurred while he was on an active duty status, Mr. Madsen was rated as eligible for disability compensation through the Veteran's Administration, the alternative compensation scheme established by Congress. Record, vol. 1, doc. 9, exh. B. Mr. Madsen was not free from the military command structure during his hospitalization, but was assigned to a medical holding company and was subject to orders from the hospital commander. *See* record, vol. 1, doc. 22, exh. G; doc. 9, exh. A. While some courts have questioned whether FTCA claims based on a servicemember's non-field military medical treatment could interfere with military discipline, *see Atkinson*, 825 F.2d at 205, "[a] test for liability that depends on the extent to which particular suits would call into question military discipline and decision-making would itself require judicial inquiry into, and hence intrusion upon, military matters." *Stanley*, 107 S.Ct. at 3063. Thus, once it is determined that a servicemember such as Mr. Madsen was on active duty during the time military medical treatment was rendered, the treatment is necessarily incident to service and judicial inquiry ends.

Mr. Madsen is barred from suit under the FTCA since his treatment at an Army medical center occurred while he was on active duty and was, therefore, incident to service within the meaning of the *Feres* doctrine. The decision of the trial court is REVERSED, and the case is REMANDED with directions to dismiss.