**Jorge L. RIBAS, Plaintiff,**

v.

**Abe M. MACHER, Defendant.**

**Civ. A. No. 87–0328.**

United States District Court, District of Columbia.

June 16, 1988.

St. John Barrett, Washington, D.C., for plaintiff.

Charles F. Flynn, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

This case is now before the Court on defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56. Defendant asserts that he is entitled to absolute immunity from plaintiff's slander claim. After carefully considering defendant's motion, the opposition to it, and the record in this case, the Court concludes that defendant's motion should be granted.

Plaintiff, a research medical officer at the Walter Reed Army Medical Center (Walter Reed), filed this slander action against defendant, his superior officer and supervisor, and subsequently amended his complaint to add a count for a violation of the Fifth Amendment of the United States Constitution. The Court previously denied defendant's motion to dismiss the slander claim, and it granted defendant's motion to dismiss the Fifth Amendment claim. Memorandum Order, filed August 18, 1987. The parties have had an opportunity to conduct discovery before defendant filed the motion for summary judgment.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c). Defendant has filed a statement of material facts not in dispute in support of his motion (Defendant's Statement of Facts). Since plaintiff has not filed a statement controverting the facts as defendant presents them, those facts will be treated as not in dispute pursuant to Local Rule 108(h). Plaintiff has submitted the affidavit of Daniel H. Connor, and portions of the deposition testimony of Ann Marie Nelson in support of his opposition to the motion.

## I.

■ Defendant asserts that since plaintiff was serving in the military when the relevant events took place, he is barred from suing a government official. In *Bois v. Marsh*, 801 F.2d 462, 470–71 (D.C.Cir. 1986), the Court of Appeals held that servicemen are precluded from suing military officers for intentional as well as unintentional common law torts pursuant to the reasoning in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The *Feres* doctrine bars suits by servicemen against the federal government where the injuries are incurred incident to service. *See United States v. Johnson*, —— U.S. ——, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987). The Supreme Court has also applied the reasoning of *Feres* to preclude constitutional tort claims by servicemen which arise incident to service. *See United States v. Stanley*, —— U.S. ——, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987); *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983).

There is no dispute that defendant served as plaintiff's superior officer, and plaintiff does not dispute that defendant, as an officer in the Public Health Service, should be considered a member of the military for the purposes of this immunity claim. Members of the Public Health Service are part of the uniformed services of the United States. 42 U.S.C. § 201(p). Other courts have determined that officers in the Public Health Service should be treated as members of the military for the purposes of determining whether the *Feres* doctrine bars their suits against the federal government. *Scheppan v. United States*, 810 F.2d 461 (4th Cir.1987); *Alexander v. United States*, 500 F.2d 1 (8th Cir.1974); *Levin v. United States*, 403 F.Supp. 99 (D.Mass.1975).

Plaintiff does dispute whether he incurred the alleged injuries incident to military service. He argues that it was merely incidental that he was detailed to the Walter Reed Army Medical Center, and that defendant was also detailed there and served as his superior officer. To support his argument that *Bois* does not apply here, plaintiff submits Dr. Connor's statement that neither plaintiff nor defendant were subject to military discipline in their positions. *See* Affidavit of Daniel H. Connor, exhibit B to Plaintiff's Opposition to Motion for Summary Judgment, filed May 2, 1988.

It is undisputed, however, that plaintiff was serving in active duty as a major in the United States Army, and that defendant was serving as his superior officer. Furthermore, whether or not defendant made his statements within the outer scope of his duties, there is no dispute that any alleged slander occurred at Walter Reed, and within the course of the parties relationship as superior and subordinate. Thus, the Court concludes that any injury which plaintiff suffered was incident to his military service.

In *Stanley*, the Supreme Court held that no *"Bivens"* remedy is available for injuries that arise out of or are in the course of activity incident to service. 107 S.Ct. at 3063. The Court determined that it was not necessary to conduct an inquiry into the degree in which military discipline and decision-making was implicated in a particular case, and it reasoned that doing so would tend to subvert the policy of avoiding intrusion into military affairs. *Id.* The Court of Appeals indicated in *Bois* that the immunity of military officers from common law suits by their subordinates should be coextensive with the immunity allowed under *Feres* and *Chappell*. 801 F.2d at 470–71. Therefore, since plaintiff incurred any

alleged injuries incident to service, defendant is entitled to immunity from this suit.

## II.

Defendant also asserts that he is entitled to absolute governmental immunity because in making any allegedly slanderous statements about plaintiff, he was taking discretionary action within the scope of his duties. Plaintiff argues that defendant's actions were neither within the scope of his duties nor the performance of a discretionary function.

■ Government officials are absolutely immune from common law tort claims which arise out of discretionary action which they have taken within the outer scope of their duties. *Westfall v. Erwin,* — U.S. —, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988); *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). The Court in *Westfall* emphasized that the inquiry into whether immunity should be granted in a particular case is a functional one, and it should be guided by the purposes for granting immunity. 108 S.Ct. at 583–585; *see also McKinney v. Whitfield,* 736 F.2d 766, 770 (D.C.Cir.1984); *Edwards v. Gross,* 633 F.Supp. 267, 270 (D.D.C.1986). The overriding purpose is to promote effective governance by insulating the decision-making process from the harassment of prospective litigation under state law. *Westfall,* 108 S.Ct. at 583–584. Absolute immunity is justified where the benefits to effective government outweigh the costs in terms of harm to individuals, and a court's analysis should focus upon the degree to which the official function would suffer under the threat of prospective litigation. *Id.* The Supreme Court has clearly recognized that granting official immunity will result in uncompensated wrongs, and in the failure to hold individuals accountable for their wrongful conduct. *Id.* The scope of immunity for federal officials is a matter of federal law to be determined by the courts in the absence of legislation. *Id.*

■ There is no genuine issue here that defendant's actions were the product of his independent judgment, and thus discretionary in nature.[1] Clearly, a supervisor's discussion with co-workers and superiors, of his suspicions regarding the behavior of a subordinate is a discretionary act. The key question in this case is whether the alleged slander occurred within the outer scope of defendant's duties. This inquiry centers on whether the contributions of immunity to the effective functioning of the Department of Infectious Diseases (DID) in the context presented here justify the denial of plaintiff's claim.

■ Plaintiff alleges that defendant falsely stated "to the professional associates, superiors, and co-workers of the plaintiff, and to others, that the plaintiff is a user of illicit narcotic drugs, that he traffics in such drugs, and that he stole a computer belonging to the United States." Amended Complaint, filed March 13, 1987, at par. 12. It is undisputed that defendant only discussed his feelings about plaintiff's possible drug use and drug trafficking with professional co-workers in the DID, with his supervisors, and with individuals within the Executive Office of the Armed Forces Institute of Pathology, which was in charge of military personnel matters. Defendant's Statement of Facts at pars. 5–7. Plaintiff, however, asserts that defendant's statements regarding him were "nothing more than gratuitous scuttlebutt" which were not made as part of defendant's duty to rate plaintiff's performance. Plaintiff's Opposition, filed May 2, 1988, at 2. He submits the statement of Daniel H. Connor, defendant's immediate supervisor, that defendant's remarks to him regarding defendant's suspicions about plaintiff were "not made in the proper course of Dr. Macher's duties." Connor Affidavit at 2.

Plaintiff does not dispute that defendant, as Director of the AIDS Registry, had authority with respect to security, or that defendant was very security conscious. Defendant's Statement of Facts at par. 12.

---

1. Plaintiff's Opposition centers on the argument that the remarks were not made within the scope of defendant's duties, and it includes only plaintiff's conclusion that the remarks were not discretionary. *See* Plaintiff's Opposition at 3.

Nor does plaintiff dispute that defendant suspected him of drug use, drug trafficking, and theft, because: (1) a personal computer and a check had disappeared from the office, (2) defendant believed that plaintiff sometimes entered and left the building without signing in and out as required, and (3) defendant thought that plaintiff sometimes could not be found and did not always act in ways defendant considered appropriate. *Id.* at par. 13. Plaintiff does not dispute that these were defendant's reasons for making the allegedly slanderous statements. *Id.*

In this context, the Court concludes that defendant made the allegedly slanderous statements within the outer scope of his official duties as plaintiff's supervisor, as Director of the Collaborative Center for the Investigation of AIDS, and as Registrar of the Registry of AIDS Pathology. It is not disputed that there was a security problem in the office which defendant supervised, and thus, that defendant had legitimate reasons to be concerned. Defendant's voicing his concerns regarding an employee under his supervision in the context presented here is the type of act which might be necessary to improve the administration and security of his office, and which would be inhibited by the threat of liability. This of course is not to say that defendant's exercise of his discretion was warranted or proper. Rather, the point of granting immunity here is to prevent the inhibition of the proper exercise of supervisory authority, which could include questioning the reliability of personnel working in an area where thefts have occurred.

Dr. Connor's statement quoted above is merely a conclusion, and it addresses the propriety of defendant's actions without discussing what defendant's duties did or did not include. It does not contradict Defendant's Statement of Facts, or explain why defendant's expression of his suspicions regarding his subordinate was not a supervisory function. This statement is insufficient to create a genuine issue of material fact as to what defendant's duties were, and thus, to prevent the Court from determining as a matter of law that defendant's actions were within the outer scope of his duties.

In view of the above, the Court concludes that defendant's motion for summary judgment should be granted, and that this case should be dismissed. A separate order consistent with this Memorandum has been issued.