856 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Karen Antoinette FORD, Personal Representative of the Estate
of Sgt. Johnny Ford, Deceased, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-3905.
 United States Court of Appeals, Fourth Circuit.
 SUBMITTED: April 29, 1988.
DECIDED: Aug. 24, 1988.
 
 Richard Engram, Jr.; Lowell Seets Lewis, on brief, for appellant.
 John R. Bolton, Assistant Attorney General; Breckinridge L. Willcox, United States Attorney; Robert S. Greenspan, Lowell V. Sturgill, Jr., Appellate Staff, Department of Justice Civil Division, on brief, for appellee.
 Before JAMES DICKSON PHILLIPS and MURNAGHAN, Circuit Judges, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant brought this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 1346(b), 2671-80, against the United States seeking damages for the death of her husband while he was on active duty with the United States Marine Corps. The district court granted the government's motion to dismiss pursuant to Feres v. United States, 340 U.S. 135 (1950). Because Feres is applicable, Mrs. Ford may not prevail in this appeal.
 
 I.
 
 2
 On December 7, 1984, Sergeant John Ford was on active duty in the United States Marine Corps at Camp Pendleton, California, when he suffered a heat stroke during an eight-mile training run. After receiving first aid from other Marines at the scene of his collapse, Ford was taken first to a branch clinic and was subsequently transferred to the Naval Hospital at San Diego, where he died on December 10, 1984 from complications caused by his heat stroke. Mrs. Ford claims that the military was negligent in ordering her husband to participate in a lengthy training run when the military knew that he was overweight and had suffered a heat stroke in the past. She also asserts that her husband received improper medical treatment at the scene of his collapse and at the two military medical facilities in which he was treated. Mrs. Ford argues that she should be able to press her tort claim against the military under the FTCA or pursuant to a Bivens action. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).
 
 II.
 
 3
 The FTCA permits the United States to be sued in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. Sec. 2674. While the FTCA does not explicitly exclude the military, the Supreme Court ruled in 1950 that in enacting the FTCA, Congress did not waive the government's sovereign immunity "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres v. United States, 340 U.S. at 146 (1950); see also United States v. Stanley, 107 S.Ct. 3054 (1987); United States v. Johnson, 107 S.Ct. 2063 (1987).
 
 
 4
 Mrs. Ford does not dispute the fact that her husband's heat stroke arose in the course of an activity incident to his military service. The district court found that Sergeant Ford's injuries occurred (1) on a military base, (2) while Ford was on active duty status, and (3) as a result of a physical conditioning exercise, "the quintessential activity related to military service." Memorandum Opinion at 6. Since "a suit based upon service-related activity necessarily implicates the military judgments and decisions that are inextricably intertwined with the conduct of the military mission," Mrs. Ford's action "could undermine the commitment essential to effective service and thus have the potential to disrupt military discipline in the broadest sense of the word." United States v. Johnson, 107 S.Ct. 2063, 2069 (1987) (footnote omitted). Therefore, her claim is barred by the Feres doctrine, even if we assume, arguendo only, that Sergeant Ford died as a result of the medical malpractice of military physicians since "the provisions Congress ha[s] made for treatment and disability compensation, rather than the Federal Tort Claims Act, afford[] ... an appropriate remedy for service connected injuries caused by medical malpractice." Scheppan v. United States, 810 F.2d 461, 463 (4th Cir.1987).
 
 
 5
 As to plaintiff's claim for relief under Bivens, the Supreme Court has concluded that "no Bivens remedy is available for injuries that 'arise out of or are in the course of activity incident to service.' " Stanley, 107 S.Ct. at 3063 (quoting Feres v. United States, 340 U.S. 135, 146 (1950)).
 
 
 6
 Accordingly, the decision of the district court is hereby
 
 
 7
 AFFIRMED.