**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUL 23 1998**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

DENNIS BACKMAN and JEANETTE
BACKMAN, co-personal representatives
of the estate of Tama Jean Backman,

    Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No. 97-2271

(D.C. No. 96-CV-628)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **MAGILL**[**], and **HENRY**, Circuit Judges.

Plaintiffs, the parents of Tama Jean Backman and personal representatives of her

estate, appeal the district court's grant of summary judgment in favor of Defendant

United States of America. Plaintiffs filed a medical malpractice claim pursuant to the

Federal Tort Claims Act, 28 U.S.C. § 1346(b), alleging that medical personnel at the

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Frank J. Magill, Senior Circuit Judge, Eighth Circuit Court of
Appeals, sitting by designation.

Shiprock Indian Hospital in Shiprock, New Mexico, negligently treated their daughter. Defendants filed a motion to dismiss or, in the alternative, for summary judgment, arguing that under the doctrine established in Feres v. United States, 340 U.S. 135 (1950), the district court lacked subject matter jurisdiction over the Plaintiffs' Federal Tort Claims Act ("FTCA") claim. The district court agreed and granted Defendant summary judgment. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

I.

On October 5, 1994, Backman, a lieutenant in the Public Health Service, went to the emergency room at the Shiprock Indian Hospital in Shiprock, New Mexico. Lt. Backman suffered from Turner's Syndrome, a congenital condition associated with a narrowing of the aorta. She informed medical personnel in the emergency room of her condition. The treating physician concluded, however, that her chest pain was caused by a virus and sent her home with pain medication. During the next five days she was treated at the emergency room several times, complaining of increasingly severe chest and back pain. She died on October 10, 1994, of a ruptured aortic aneurysm. Plaintiffs allege that the hospital medical staff caused her death by failing to perform proper diagnostic tests and improperly treating her symptoms.

At the time of her death, Lt. Backman was a nurse at the Shiprock Indian Hospital, an Indian Health Service ("IHS") facility. The IHS falls under the ambit of the Public Health Service ("PHS") and Lt. Backman served on active duty in the PHS. The PHS, an

2

agency of the Department of Health and Human Services is, along with the armed services, a uniformed service of the United States. 42 U.S.C. § 201(p). Commissioned officers of the PHS are entitled to many of the same statutory rights, benefits and privileges provided to commissioned officers of the U.S. Army, see 42 U.S.C. § 213a(a), and are subject to discipline for failing to follow orders. Commissioned Corps Personnel Manual, Chapter CC46, Subchapter CC46.4. As an active duty member of a uniformed service, Lt. Backman was entitled to free medical care at any facility of any uniformed service, including Shiprock Hospital, a PHS facility. See 10 U.S.C. §§ 1072(1) & 1074.

## II.

We review the district court's grant of summary judgment de novo. United States v. Jenks, 129 F.3d 1348, 1352 (10th Cir. 1997). In doing so, we view the evidence in a light most favorable to the non-moving party and will uphold the decision only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Aramburu v. Boeing Co., 112 F.3d 1398, 1402 (10th Cir. 1997).

The Feres doctrine bars FTCA suits brought by service members against the United States for injuries "arising out of or in the course of activity incident to service." Feres, 340 U.S. at 146. Thus, we must determine whether Lt. Backman's treatment at Shiprock Hospital was incident to her active duty in the PHS. If so, then Plaintiffs' claims are barred by the Feres doctrine.

3

We have consistently applied the Feres doctrine to bar medical malpractice claims involving commissioned members of the uniformed services. Quintana v. United States, 997 F.2d 711, 712 (10th Cir. 1993) (reserve status national guard member barred from bringing FTCA medical malpractice claim); Madsen v. United States ex rel. United States Army Corps of Engineers, 841 F.2d 1011, 1013 (10th Cir. 1987) (service member on terminal leave barred from bringing medical malpractice claim). We see no reason why this doctrine should not apply to Plaintiffs' claim. Lt. Backman was a commissioned officer in the PHS at the time she received treatment at the Shiprock Hospital. The Shiprock Hospital treats "beneficiaries," i.e., Native Americans and PHS commissioned officers, free of charge. Thus, as an active duty officer of the PHS, Backman was entitled to receive free medical treatment at Shiprock Hospital. The record shows that the hospital classified Backman as a "commissioned officer" and listed her insurance as "Beneficiary Medical Program." Medical treatment at a military or PHS hospital, whether elective or required, is "incident to service" when performed upon a service member on active duty. See Harten v. Coons, 502 F.2d 1363, 1365 (10th Cir. 1974). Consequently, we conclude that the treatment of Lt. Backman at the Shiprock Hospital arose out of her service in the PHS; therefore, the Feres doctrine bars her claim. See Scheppan v. United States, 810 F.2d 461, 463 (4th Cir. 1987) (status as commissioned officer in PHS barred medical malpractice suit for elective surgery performed at IHS hospital).

4

Against this backdrop, Plaintiffs argue that a paramount policy consideration underlying the Feres doctrine is irrelevant to this case, weakening its application. The Supreme Court has recognized three policy justifications for the Feres doctrine: (1) the "distinctively federal" character of the relationship between the government and members of the military; (2) the availability of alternative disability and death benefits; and (3) the prevention of judicial interference in military affairs. United States v. Johnson, 481 U.S. 681, 689-90 (1987). Plaintiffs argue that the last principle does not apply in this case because the hospital staff's conduct was based on independent medical opinions and did not impact military decisionmaking or discipline.[1] We rejected a similar argument in Madsen, where we held that once the record establishes that a service member was on active duty at the time of the military medical treatment, the "treatment is necessarily incident to service and judicial inquiry ends." Madsen, 841 F.2d at 1014. Further inquiry would itself result in judicial intrusion into military decisionmaking and would defeat an important purpose of the Feres doctrine. Id. Because we have already determined that Lt. Backman was on active duty in the PHS at the time of her treatment at a PHS facility, our inquiry ceases.

---

[1] Plaintiffs do not argue that the other two policy considerations are inapplicable to this case. Instead, Plaintiffs argue that they are flawed and undermine the continued viability of the Feres doctrine itself. Although some courts have questioned the reasonableness of this doctrine, Supreme Court and Tenth Circuit precedent compel its application to this case. We need not address the strength or weakness of the doctrines' underlying policy considerations in order to reach our result, and therefore decline to do so.

Plaintiffs also argue that we should not apply the Feres doctrine in this case because 90 percent of the employees at the Shiprock Hospital are civilians and Lt. Backman may have been treated by civilian medical personnel. Plaintiffs' argument is unpersuasive. The Supreme Court has never conditioned the application of Feres upon the military status of the alleged tortfeasor. See Johnson, 481 U.S. at 686-87.

We conclude that Plaintiffs' FTCA claim is barred because Lt. Backman's treatment at Shiprock Hospital occurred while she was on active duty and was, therefore, incident to service under the Feres doctrine. Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

6

No. 97-2271, Backman v. United States

**Henry**, **J.**, concurring

Given the continuing vitality of Feres v. United States, 340 U.S. 135 (1950), I am in complete agreement with the majority's well-reasoned opinion. However, I write separately in order to note that the somewhat dubious foundation of Feres seems to be weakening.

In his vigorous dissent in United States v. Johnson, 481 U.S. 681 (1987), Justice Scalia emphasized that "the Feres rule is now sustained only by three disembodied estimations of what Congress must (despite what it enacted) have intended[,] [and] [t]hey are bad estimations at that." Id. at 695 (emphasis in original). In fact, the Court has characterized two of those three rationales–the distinctively federal relationship between the government and military personnel and the availability of statutory veterans' benefits–as "no longer controlling." See United States v. Shearer, 473 U.S. 52, 58 n.4 (1985). Moreover, the Court did not even conceive of the third rationale–avoiding judicial interference in military discipline–until well *after* it decided Feres. See id. at 57. And it is, at best, doubtful that this last rationale even applies in the present case: The Backmans' complaint raises no claims that implicate military decision-making, and, furthermore, 90% of the employees at Shiprock Indian Hospital are civilians. Nonetheless, until Congress or the Supreme Court decides otherwise, Feres remains the law of the land. See Johnson, 481 U.S. at 692.

The personnel at Shiprock Indian Hospital may well have caused Tama Jean

Backman's death by failing to order simple diagnostic testing. However, Feres ties our hands. Thus, although Lieutenant Backman chose to dedicate herself to the service of this country and may have lost her life because of that choice, a small death benefit is all that her heirs may recover for their loss.

In closing, I will simply remind the Public Health Service of the words of our sister circuit in a very similar case:

> We take the liberty of urging . . . that the defendant, if it believes that some negligence may actually have occurred here, consider what steps can be appropriately taken to help the plaintiff[s]. This is the kind of suggestion we rarely make, and it of course is not binding on anyone, but we hope it will be heeded.

Bowers v. United States, 904 F.2d 450, 452 (8th Cir. 1990).