**Lt.Col. Charles F. WOOD, Appellant,**

v.

**UNITED STATES of America and Major General James A. Ryan, individually and as the Adjutant General of the Arkansas National Guard, Appellees.**

No. 91–2950.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1992.

Decided July 6, 1992.

Bob Leslie, Little Rock, Ark., argued for appellant.

Dana E. Morris of Washington, D.C., argued (Charles A. Banks, Lesa Bridges Jackson and M. Wade Hodge, Little Rock, Ark., and Dana E. Morris, Washington, D.C., on the brief), for appellees.

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Appellant Lieutenant Colonel Charles F. Wood filed a complaint alleging that appellees improperly failed to assign him to the position of Air Commander for the 188th Tactical Fighter Group after his job as Vice Air Commander of the Arkansas National Guard was eliminated as a result of a reduction in force (RIF). He sought money damages for back and future pay, punitive damages of one million dollars, a court order requiring the defendants to place him in the position of Air Commander of the 188th Tactical Fighter Group, together with costs and attorney's fees. The district court [1] dismissed Lt.Col. Wood's complaint because it involved nonjusticiable claims involving the military structure. We affirm but vacate the judgment and remand for entry of a judgment of dismissal without prejudice.

■ The district court's dismissal of this complaint was pursuant to Federal Rule of Civil Procedure 12(b)(6). In his reply brief, appellant moves to strike the portions of appellees' brief and appendix that involve facts outside of those alleged in the complaint. These facts are not relevant to the disposition of this appeal. Therefore, appellant's motion to strike is granted.

■ Under the doctrine established in *Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), claims under the Federal Tort Claims Act, negligence claims, claims brought under 42 U.S.C. § 1983, and *Bivens* [2] claims are nonjusticiable if they involve injuries which "arise out of or are in the course of activity incident to service." *Watson v. Arkansas Nat'l Guard*, 886 F.2d 1004, 1005–08 (8th Cir.1989) (discussing cases that apply the *Feres* doctrine). " '[C]ivilian courts may not sit in plenary review over intra-service military disputes.' " *Id.* at 1007 (quoting *Crawford v. Texas Army Nat'l Guard*, 794 F.2d 1034, 1035 (5th Cir.1986)). The permissible range of lawsuits by members of the service against their superior officers

" 'is at very least, narrowly circumscribed.' " *Id.* (quoting *Crawford*, 794 F.2d at 1035).

■ Lt.Col. Wood argues that the military justiciability doctrine, as summarized by this court in *Watson*, does not apply to his case because he was a civilian technician for the National Guard and he contends the position for which he sought appointment is a civilian technician position. To be eligible for a National Guard technician position, however, one must be a National Guard military member. 32 U.S.C. § 709(b). An employee's technician status must be terminated if the employee ceases to be a member of the National Guard. 32 U.S.C. § 709(e)(1). The hybrid nature of the position renders it susceptible to the doctrine restricting review of military decision-making. *Sebra v. Neville*, 801 F.2d 1135, 1141 (9th Cir.1986); *see also Watson*, 886 F.2d at 1005 n. 1 (finding the claims brought by National Guard member/technician nonjusticiable); *Stauber v. Cline*, 837 F.2d 395, 400 (9th Cir.) (Guard technicians' work integral to routine military operations), *cert. denied*, 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988). Lt.Col. Wood does not contest that a determination of his military qualifications is a necessary step in determining whether he should have been assigned as alleged. *See* Technician Personnel Reg. 300 (335), pt. III ("These technicians will be afforded priority placement ... in positions for which they meet the full technician *and military qualifications*." (emphasis added)). We agree with the district court that justiciability concerns are present in this case because the placement decision is dictated in part by an assessment of the "riffed" technician's military abilities.

■ *Watson* does recognize two exceptions to the general rule that claims involving the National Guard are nonjusticiable. 886 F.2d at 1010–11; *cf. Gilligan v. Morgan*, 413 U.S. 1, 11, 93 S.Ct. 2440, 2446, 37 L.Ed.2d 407 (1973) ("we neither hold nor imply that the conduct of the National

---

**1.** The Honorable Henry Woods, United States District Court Judge for the Eastern District of Arkansas.

**2.** *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Guard is always beyond judicial review"). First, facial challenges to the constitutionality of a military regulation or statute are justiciable. *Watson,* 886 F.2d at 1010 (citations omitted). Because Lt. Col. Wood is attempting to enforce the regulations and statutes, the first exception is not applicable. The second exception involves claims seeking limited judicial review of final agency action. *Id.* at 1011. The final decision is subject to judicial review and may be set aside if it is arbitrary and capricious or not based upon substantial evidence. *Id.; Chappell v. Wallace,* 462 U.S. 296, 303, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983). The applicability of the second exception to this case presents a closer question.

■ The complaint in this case is unclear as to the cause of action pleaded. Lt. Col. Wood alleges that "under the applicable laws, rules, and regulations, [he] should have been offered the opportunity to fill" the position of Air Commander for the 188th Tactical Fighter Group. The complaint states that although a hearing officer found in favor of Lt. Col. Wood, the Adjutant General declined to assign him as the Air Commander. No right to appeal the merits of this issue within the National Guard exists beyond the Adjutant General of the jurisdiction involved. 32 U.S.C. § 709(e)(5). Paragraph eight of Lt. Col. Wood's complaint appears to set forth his cause of action:

> 8. The actions of the defendant, U.S. of American [sic], through its agency The National Guard of Arkansas, and its commanding officer, Adjutant General James A. Ryan were wrongful and constituted a taking of plaintiff's property rights without due process in violation of the Constitution of the United States of American [sic] and were done intentionally and willfully with specific intent to harm the plaintiff. Defendants actions were in retaliation for plaintiff's previous disclosure of information which plaintiff reasonably believed evidenced mismanagement, gross waste of funds, abuse of authority, substantial and specific danger to public health and safety.

"Whether a complaint states a cause of action is a question of law which this court reviews *de novo.* On review, this court must presume that the factual allegations of the complaint are true and accord all reasonable inferences from those facts to the non-moving party." *Malek v. Camp,* 822 F.2d 812, 814 (8th Cir.1987) (citations omitted).

In *Watson,* a former member of the National Guard sought damages and equitable relief, including reinstatement and back pay, pursuant to 42 U.S.C. §§ 1981 and 1983 for his allegedly wrongful discharge based on race. *Watson,* 886 F.2d at 1004–05. We held that the nature of the lawsuit, judicial review of a discrete military personnel decision, rendered it nonjusticiable. *Id.* at 1010 (citing *Crawford* ). In *Crawford,* the plaintiffs alleged that their constitutional rights were violated by their dismissal from active duty in retaliation for reporting criminal activity and that the National Guard did not follow proper procedures in dismissing them. *Crawford,* 794 F.2d at 1035. The court found the nature of the lawsuit rendered it nonjusticiable. *Id.* at 1035–37.

As pleaded, the complaint in this case alleges that the internal National Guard personnel decision was incorrect and unconstitutional. The nature of the pleaded claim, judicial review of a discrete intraservice personnel decision which decision involves, as it does, an assessment of an individual's military qualifications for command responsibilities as the Air Commander of a Tactical Fighter Group, is nonjusticiable under *Watson.* While a claim seeking review of the final agency action to determine whether the agency followed its own regulations may be justiciable under the second *Watson* exception, we do not find such a claim to have been pleaded in this complaint even when we give it the liberal reading to which it is entitled.

Accordingly, we affirm the decision of the district court but vacate the judgment and remand for entry of a judgment of dismissal without prejudice.