978 F.2d 614
 William G. MADDICK, Plaintiff-Appellant,
v.
UNITED STATES of America; W.R. Patterson, Lcdr., United
States Navy, Commanding Officer of the United States Naval
Second Class Diving School; Gregory R. Kusic, Lcdr., United
States Navy Medical Corps (reserve), command and diving
doctor of Harbor Clearance Unit One, Defendants-Appellees.
 No. 92-1089.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 30, 1992.
 
 William G. Maddick, plaintiff-appellant, pro se.
 Michael J. Norton, U.S. Atty., and Kathleen L. Torres, Asst. U.S. Atty., Denver, Colo., on the brief for defendants-appellees.
 Before MOORE, TACHA and BRORBY, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 William Maddick is a veteran of the United States Navy. He served from 1973 until his honorable discharge in 1977. While in the Navy, Mr. Maddick completed the requirements for the status of Diver Second Class and participated in numerous diving activities. The Navy discharged Maddick with a clean bill of health.[1]
 
 
 2
 Maddick now suffers from idiopathic avascular necrosis of the right femoral head--a degenerative bone disease. Believing this ailment to be a result of his Navy diving activities, Maddick brought this pro se action in the United States District Court for the District of Colorado against the United States and against two individually-named Naval officers, W.R. Patterson, LCDR, and Gregory R. Kusic, LCDR.[2] Maddick alleged that the defendants violated his constitutional rights by (1) exposing him to conditions which increased his risk of contracting the disease; (2) discharging him without either detecting the condition or warning him of his increased risk; and (3) failing to warn him of or monitor him for the condition after his discharge. The district court construed his claim against the United States to state a cause of action under the Federal Tort Claims Act (FTCA); it construed his claim against the Naval officers to state a cause of action under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). It then dismissed the suit for lack of subject matter jurisdiction, stating that Maddick's claims were for injuries incident to his military service and therefore were barred by the Supreme Court's decisions in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), and United States v. Stanley, 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987). We agree that Feres and Stanley bar Maddick's claims and affirm.
 
 
 3
 We review the district court's dismissal for lack of subject matter jurisdiction de novo. Walden v. Bartlett, 840 F.2d 771, 772-73 (10th Cir.1988). The Supreme Court has long held that "the FTCA does not waive the United States' immunity for 'injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.' " Shaw v. United States, 854 F.2d 360, 361 (10th Cir.1988) (quoting Feres, 340 U.S. at 146, 71 S.Ct. at 159). In Stanley, the Supreme Court held that the military enjoys an immunity to Bivens claims that is coextensive with its Feres immunity. Stanley, 483 U.S. at 684, 107 S.Ct. at 3064. We therefore review the record to determine whether Maddick's claims are for injuries incident to his military service. If we find that they are, the Feres doctrine applies, and the federal judiciary is without subject matter jurisdiction to hear any of the claims in this case.
 
 
 4
 It is clear that Maddick's diving activities and his military medical treatment were activities incident to his military service. See Madsen v. United States ex rel. United States Army, Corps of Engs., 841 F.2d 1011, 1013-14 (10th Cir.1987) (military medical care is incident to service). Thus, Feres bars Maddick's first and second claims and the district court did not have jurisdiction over them.
 
 
 5
 Maddick's third claim is more esoteric. Maddick argues that the Navy had a separate duty to warn him or monitor him after his discharge, and that this duty is inherently not incident to his service, thus precluding a Feres defense. In United States v. Brown, 348 U.S. 110, 112-13, 75 S.Ct. 141, 143-44, 99 L.Ed. 139 (1954), the Supreme Court held that Feres was inapplicable to torts that arose after the completion of an individual's military service. We recognize that some courts have embraced this rationale in permitting post-discharge "failure to warn" claims against the military. See Everett v. United States, 492 F.Supp. 318 (S.D.Ohio 1980); Thornwell v. United States, 471 F.Supp. 344 (D.D.C.1979). We do not reach the viability of a post-discharge failure to warn theory, however, because Maddick does not present us with such a situation.
 
 
 6
 A duty to warn "arises only at the time when the Government first knew or should have known of the hazardous condition, and any breach of that duty begins and ends at that time." Heilman v. United States, 731 F.2d 1104, 1107 (3d Cir.1984). The District of Columbia Circuit itself explained that Thornwell holds only that a second, post-discharge tort survives Feres where it occurs "in its entirety" after discharge. Lombard v. United States, 690 F.2d 215, 220 (D.C.Cir.1982), cert. denied, 462 U.S. 1118, 103 S.Ct. 3086, 77 L.Ed.2d 1347 (1983). Where a claimant alleges only a post-discharge continuation of that in-service tort, it too is barred by Feres. See Heilman, 731 F.2d at 1108-09; Gaspard v. United States, 713 F.2d 1097, 1101 (5th Cir.1983), cert. denied, 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 826 (1984); Lombard 690 F.2d at 220; Stanley v. CIA, 639 F.2d 1146, 1155 (5th Cir. Unit B Mar.1981).
 
 
 7
 In his pleadings, which we must accept as true, Maddick clearly states that the Navy knew as early as 1945 of the increased risk of degenerative bone disease caused by diving. Maddick states that, although the Navy knew of the danger, "at no time during plaintiff's enlistment was he advised or warned of the probability of contracting dysbaric osteonecrosis pursuant to his diving duties." Maddick's complaint plainly alleges that the Navy breached its "duty to warn" both prior to his diving activities and prior to his discharge. Thus, any post-discharge claim Maddick may have would be a continuation of the original claim and therefore also is barred by Feres.
 
 
 8
 Based on our review of the record, and for the foregoing reasons, the judgment of the District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Patterson and Kusic seek dismissal of this appeal against them as individuals, asserting that improper service of process has deprived this court of personal jurisdiction. Because we find this court to be without subject matter jurisdiction over Maddick's claims, we do not reach the merits of their motion