Loretta J. QUINTANA, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 92–2107.

United States Court of Appeals, Tenth Circuit.

June 7, 1993.

Motion to Publish Granted, June 29, 1993.

Raymond R. Flowers, Jr., Albuquerque, NM, for plaintiff-appellant.

Stuart M. Gerson, Asst. Atty. Gen., Washington, DC, Don J. Svet, U.S. Atty., Albuquerque, NM, Jeffrey Axelrad, Director, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, DC, Paul F. Figley, Deputy Director, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, DC, and Bertha R. Mitrani, Trial Atty., Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before TACHA and BARRETT, Circuit Judges, and BROWN, District Judge.*

TACHA, Circuit Judge.

Appellant Quintana brought this medical malpractice action for damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. The district court granted the government's motion to dismiss for lack of subject matter jurisdiction and Quintana appealed. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

Quintana is a member of the New Mexico National Guard and the Army National Guard of the United States. Pursuant to her military obligations, she participated in "inactive duty training" in July 1988. Quintana injured her right knee during training and was ordered to report to Kirtland Air Force Base ("Kirtland") for surgery in January 1989. She brought this action under the FTCA alleging that she was injured during her surgery at Kirtland as a result of a United States Air Force surgeon's negligence. The district court held that the doctrine established by the Supreme Court in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), precludes federal jurisdiction over Quintana's claim. We review the district court's dismissal for lack of subject matter jurisdiction de novo. *Maddick v. United States*, 978 F.2d 614, 615 (10th Cir.1992).

The *Feres* doctrine bars FTCA suits brought by servicemembers against the government for injuries that "arise out of or are in the course of activity incident to service." *Feres*, 340 U.S. at 146, 71 S.Ct. at 159; *Madsen v. United States ex rel. United States Army*, 841 F.2d 1011, 1012 (10th Cir.1987). Quintana's sole argument on appeal is that the *Feres* doctrine does not bar her claim because she was on reserve status, rather than active duty status, at the time of the alleged malpractice. Although most of our *Feres* doctrine cases, like *Feres* itself, involve servicemembers who held active duty status when they were injured, we have previously held that active duty status is not necessary for the *Feres* "incident to service" test to apply. *See Hefley v. Textron, Inc.*, 713 F.2d 1487, 1492 (10th Cir.1983); *see also Duffy v.*

*United States*, 966 F.2d 307, 312 (7th Cir. 1992) (dispositive inquiry not whether servicemember was on active duty but whether he stood in sort of relationship to the service that events arose out of activity incident to service); *Norris v. Lehman*, 845 F.2d 283, 287 (11th Cir.1988) (same).

Based on a straightforward application of the "incident to service" test, we conclude that the *Feres* doctrine bars Quintana's claim. She is a servicemember who was entitled to the surgery at Kirtland precisely because of her military status and the surgery was performed by military servicemembers in a military hospital. *See Madsen*, 841 F.2d at 1014. Accordingly, we AFFIRM the district court's judgment.

* Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.