39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Peter T. ORAM, individually; Lee Ann Cantu, individually,
Plaintiffs-Appellants,
v.
Tommy G. ALSIP, Adjutant General of the Oklahoma Military
Department. Defendant.
and
Donald F. FERRELL, Adjutant General; United States of
America; Steven Kozak, Defendants-Appellees.
 No. 94-6009.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 2, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs Peter Oram and Lee Ann Cantu appeal from the district court's entry of summary judgment in favor of defendants Donald Ferrell, Steven Kozak, and the United States.[2] This action arose from plaintiffs' efforts to obtain monetary and injunctive relief following their dismissal as technicians in the Oklahoma Air National Guard. Cantu and Oram allege the defendants violated their constitutional rights when they terminated them for failing to secure certain safes and materials on October 26, 1989. We affirm.
 
 
 4
 Plaintiffs were computer operators for the Oklahoma National Guard. In this capacity, they held dual roles. Although their professional positions were considered civilian, enlistment in the guard was a prerequisite for the job. See 32 U.S.C. 709(b); Costner v. Oklahoma Army Nat'l Guard, 833 F.2d 905, 907 (10th Cir.1987). As part of their duties, Cantu and Oram were responsible for checking the safes at the end of their shift to confirm they were locked and the material inside them secured. Under the two-person integrity security system which the National Guard used, both plaintiffs were required to acknowledge they had checked the safes. On the night in question, the 702 form used for this purpose reflected that both Cantu and Oram checked the safes.
 
 
 5
 During the night of October 26, 1989, a fire alarm sounded at the guard base. Defendant Kozak responded. Upon inspecting the premises, Sergeant Kozak found that a safe checked by plaintiffs was open. It contained national security information. In addition, Kozak conducted a further inventory which revealed that certain classified materials scheduled for destruction had not been destroyed. Based on his assessment that these incidents were severe security breaches, he proposed the dismissal of both plaintiffs. Lieutenant Colonel Randall accepted that proposal and plaintiffs were terminated. They were not discharged from their military positions in the guard.
 
 
 6
 Cantu and Oram were given formal removal notices. It is undisputed that those notices advised them they had twenty days to appeal the decision of Colonel Randall. The notices also advised they could contact Mr. Bill Quick for assistance. Rather than file an appeal, however, plaintiffs pursued a grievance under their labor agreement. Although the subsequent denials they received advised them the matter was not grievable, they sought relief at every level of that process. This lawsuit followed.
 
 
 7
 The causes of action remaining at the time the motion for summary judgment motion was considered were 1) a 1983 claim against former Adjutant General Donald Ferrell, 2) a Bivens[3] claim against Sergeant Kozak, and 3) a claim against the United States under the Federal Tort Claims Act. In its order, the district court focused on the plaintiffs' failure to exhaust administrative remedies. It also ruled, however, that the court lacked subject matter jurisdiction to consider plaintiffs' claims because the injuries alleged occurred incident to military service and, as a result, were barred under the Feres doctrine. See Feres v. United States, 340 U.S. 135, 146 (1950). We review both the court's entry of summary judgment and its conclusion with respect to subject matter jurisdiction de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990); Maddick v. United States, 978 F.2d 614, 615 (10th Cir.1992). Because we agree these claims are not justiciable, we affirm.
 
 
 8
 When Congress passed the FTCA, it created a waiver of the government's sovereign immunity. Black Hills Aviation, Inc. v. United States, No. 92-2290, 1994 WL 480650, at * 4 (10th Cir. Sept. 6, 1994)(to be reported at 34 F.3d 968). The waiver does not apply, however, where the alleged injuries " 'arise out of or are in the course of activity incident to [military] service.' " Shaw v. United States, 854 F.2d 360, 361 (10th Cir.1988)(quoting Feres, 340 U.S. at 146). The dispositive question here is whether the injuries that followed the discharge were incident to military service as the case law has defined that phrase.
 
 
 9
 The "incident to service" rule annunciated in Feres has broad application. See United States v. Johnson, 481 U.S. 681, 688-91 (1987); see also Wright v. Park, 5 F.3d 586, 590 (1st Cir.1993)(discussing the wide scope of the rule as set forth in Supreme Court precedent). The personnel decision here arose from concerns over breaches in national military security. Straightforward application of the rule dictates our conclusion that the defendants' decision to terminate Cantu and Oram was related to military activity and any alleged injury, therefore, is incident to service. See Quintana v. United States, 997 F.2d 711, 712 (10th Cir.1993)(holding that injuries arising from surgery performed at army base were incident to service even though national guard member was on reserve status); Wood v. United States, 968 F.2d 738, 740 (8th Cir.1992)(holding claim of national guard technician was nonjusticiable where it involved "intraservice personnel decision"). As a consequence, the FTCA claim is nonjusticiable.
 
 
 10
 Plaintiffs' claim against former adjutant general Ferrell fails for the same reason. The logic requiring us to defer to intra-military decisionmaking in the FTCA context applies with equal force in a 1983 action.[4] See Martelon v. Temple, 747 F.2d 1348, 1350-51 (10th Cir.1984)(holding that no action may lie against officers for alleged violations of subordinates' civil rights), cert. denied, 471 U.S. 1135 (1985); see also Wright, 5 F.3d at 591 (holding dismissed national guard technician could not bring 1983 claim to redress alleged constitutional violation); Watson v. Arkansas Nat'l Guard, 886 F.2d 1004, 1007 (8th Cir.1989)("The concern for the disruption of military discipline upon which [the Supreme Court cases] are based applies equally when a court is asked to entertain an intra-military suit under 1983.").
 
 
 11
 Likewise, we cannot entertain the Bivens action. "[T]he military enjoys an immunity to Bivens claims that is coextensive with its Feres immunity." Maddick, 978 F.2d at 615; United States v. Stanley, 483 U.S. 669, 680-81 (1987). The Supreme Court has made clear that the federal courts should not "be any less protective of military concerns" in the Bivens context than we are in the FTCA arena. Stanley, 483 U.S. at 681. The same set of facts control this claim. Therefore, like the other causes of action presented, it is nonjusticiable.
 
 
 12
 Plaintiffs' final argument is that their claims should be excepted from the authority of Feres and its progeny because they are arguing, "in substance," that the defendants failed to follow their own regulations. Appellants' Opening Br. at 15; Wood, 968 F.2d at 740 ("a claim seeking review of [a] final agency action to determine whether the agency followed its own regulations may be justiciable"). We reject this argument. Plaintiffs did not follow the proper administrative channels for us to review a final agency decision. Moreover, we see no reference in the complaint to specific regulations which allegedly were not followed. See id. (holding plaintiff failed to plead cause of action under exception to Feres ). Plaintiffs admit this is, in essence, a wrongful termination suit. Nothing in the complaint suggests otherwise.
 
 
 13
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court record reveals that plaintiffs appealed from the entry of judgment in favor of all three of these defendants. The state did not file a brief on behalf of Donald Ferrell. Our disposition is not affected by this failure, however, and we will proceed as if all three defendants are appellees here. In addition, defendant Tommy Alsip was dismissed from this action on August 28, 1992. Plaintiffs did not appeal that ruling
 
 
 [3]
 Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [4]
 At least one circuit court has held that where, as here, injunctive relief in the form of reinstatement is sought, a 1983 claim could be justiciable. Jorden v. National Guard Bureau, 799 F.2d 99, 110-11 (3d Cir.1986), cert. denied, 484 U.S. 815 (1987). Because a "request for reinstatement would require us to intrude on a province committed to the military's discretion," however, we decline to adopt this approach. Knutson v. Wisconsin Air Nat'l Guard, 995 F.2d 765, 771 (7th Cir.), cert. denied, 114 S.Ct. 347 (1993)