Ronald L. BORDEN, Plaintiff, Appellant,

v.

VETERANS ADMINISTRATION,
Defendant, Appellee.

No. 94–1620.

United States Court of Appeals,
First Circuit.

Submitted Sept. 6, 1994.

Decided Dec. 8, 1994.

Ronald L. Borden, pro se.

Donald K. Stern, U.S. Atty., Charlene A. Stawicki, Sp. Asst. U.S. Atty., and Mary Elizabeth Carmody, Asst. U.S. Atty., on brief, for appellee.

Before CYR, Circuit Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.

PER CURIAM.

This is an appeal from a district court order dismissing plaintiff's medical malpractice action brought under the Federal Tort Claims Act, 28 U.S.C. § 2674 [FTCA]. The alleged malpractice involved treatment of a knee injury which plaintiff sustained while he was on active duty in the United States Army. The district court dismissed the complaint as barred by the Supreme Court's decision in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), as well as by *Hamilton v. United States,* 564 F.Supp. 1146, 1148 (D.Mass.), *aff'd per curiam,* 719 F.2d 1 (1st Cir.1983). In *Feres* the Court held that the FTCA's limited waiver of sovereign immunity does not extend to "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres,* 340 U.S. at 146, 71 S.Ct. at 159.

Plaintiff argues on appeal that the *Feres* doctrine does not apply because: (1) he was "off duty," playing basketball, when he suffered his first knee injury, and (2) the medical care he received in military hospitals was rendered in part by civilian employees. A straightforward application of the "incident to service" test, however, depends on plaintiff's military status in relation to defendant's allegedly negligent provision of medical treatment. *Accord Hata v. United States,* 23 F.3d 230, 235 (9th Cir.1994); *Quintana v. United States,* 997 F.2d 711 (10th Cir.1993); *Kendrick v. United States,* 877 F.2d 1201, 1203 (4th Cir.1989) (containing additional citations), *cert. dismissed,* 493 U.S. 1065, 110 S.Ct. 1104, 107 L.Ed.2d 1013 (1990). Plaintiff was an active servicemember who was

entitled to medical treatment at a military hospital precisely because of his military status. Accordingly, his claim is barred regardless of the medical condition treated or the civilian status of the government employees who allegedly participated in it. *See Loughney v. United States,* 839 F.2d 186, 188 (3d Cir.1988) (citing *United States v. Johnson,* 481 U.S. 681, 690–91, 107 S.Ct. 2063, 2069, 95 L.Ed.2d 648 (1987)).

■ Plaintiff also argues that his tort claim should go forward because he believes that the compensation otherwise available to him is inadequate (he is currently receiving veteran's benefits), and his suit will not interfere with military discipline. In essence, he challenges the wisdom of the *Feres* doctrine. This court is fundamentally precluded from deviating from the doctrine, which has been consistently, and recently, reaffirmed by the Supreme Court. *See Johnson,* 481 U.S. at 688–90 & n. 5, 107 S.Ct. at 2067 & n. 5.

In light of this disposition, we need not address the other infirmities in plaintiff's complaint.

*Affirmed.*