61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael Joseph MARTINEZ, Plaintiff-Appellant,
v.
Danny D. ISAACS, Defendant-Appellee
 No. 94-2224.
(D.C. No. 93-1234 LH).
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 HENRY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Michael Joseph Martinez filed this pro se action against defendant-appellee Danny D. Isaacs, the Military Personnel Officer of the New Mexico Army National Guard. Mr. Martinez challenged his release from active duty after his driver's license was suspended for one year (beginning September 28, 1990) for refusing to submit to a chemical breath test during a traffic stop. Mr. Martinez alleged that Mr. Isaacs discharged him on the basis of his race. The district court entered summary judgment in favor of Mr. Isaacs, finding him absolutely immune from Mr. Martinez's claims under the doctrine of intraservice immunity.
 
 
 3
 We review the grant of summary judgment de novo, applying the same legal standard as the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We view the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 4
 The record indicates that, in August 1990, Mr. Martinez was involved in an automobile accident in Albuquerque, New Mexico. He received a citation for driving while intoxicated and leaving the scene of an accident. At the time, Mr. Martinez was a Sergeant First Class in the New Mexico Army National Guard working as a recruiter in the Active Guard/Reserve program. Following the accident, the New Mexico National Guard received information from the New Mexico Motor Vehicle Division indicating that Mr. Martinez's license had been suspended for a year. In October 1990, National Guard officials informed Mr. Martinez that they intended to terminate him from his full-time position pursuant to a regulation requiring recruiters to hold valid drivers' licenses.
 
 
 5
 Initially, Mr. Martinez did not oppose this action, and National Guard officials released him from full-time active duty. He remained a member of the National Guard on weekend status until October 1991, when he was discharged for absences without leave from required drill assemblies.
 
 
 6
 In his complaint, Mr. Martinez alleged that Mr. Isaacs "intentionally discriminated against Plaintiff on account of his race in violation of the Thirteenth and Fourteenth Amendments to the Constitution as protected by the Civil Rights Act of 1871 by denying to him equal terms and conditions of employment, by terminating his employment." Rec. doc. 1, p 7. He sought compensatory and punitive damages and "a permanent injunction enjoining and prohibiting Defendant and all persons in active concert or participating with them [sic], from engaging in any conduct with respect to Plaintiff which deprives him of due process and/or protection of the laws on the basis of his race." Id. p 9(a). He asserted these claims pursuant to 42 U.S.C.1981-1981A and the Thirteenth and Fourteenth Amendments.
 
 
 7
 With regard to Mr. Martinez's damages claims, we agree with the district court's analysis. The Supreme Court has held that military personnel may not assert Bivens[2] actions for damages against other military personnel for "injuries that arise out of or are in the course of activity incident to service.' " United States v. Stanley, 483 U.S. 669, 684 (1987) (quoting Feres v. United States, 340 U.S. 135, 146 (1950)); see also Chappell v. Wallace, 462 U.S. 296, 305 (1983) (holding that "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations"). Stanley and Chappell rely substantially on Feres v. United States, 340 U.S. 135 (1950), which held that the United States is not liable under the Federal Tort Claims Act for injuries to military personnel that arise out of activities incident to service. We have applied Chappell to bar a 42 U.S.C.1983 claim challenging a dismissal from the Army National Guard. See Martelon v. Temple, 747 F.2d 1348, 1349-51 (10th Cir.1984), cert. denied, 471 U.S. 1135 (1985); see also Maddick v. United States, 978 F.2d 614, 615-16 (10th Cir.1992) (Navy officials entitled to absolute immunity from Bivens claims for damages). Following Stanley, Chappell, and Martelon, we conclude that Mr. Isaacs is entitled to absolute immunity from Mr. Martinez's claims for damages.
 
 
 8
 However, because "Chappell and Stanley support the proposition that in certain circumstances a service member's action for equitable relief is not barred by the Feres doctrine," Walden v. Bartlett, 840 F.2d 771, 775 (10th Cir.1988), we review the record to determine what evidence supports Mr. Martinez's equitable claim for a permanent injunction. We note that in support of his motion for summary judgment Mr. Isaacs produced evidence indicating that applicable National Guard regulations required Mr. Martinez to be discharged from his full-time active duty position as a recruiter after the suspension of his license. Mr. Isaacs also submitted an October 15, 1990 letter from Mr. Martinez's attorney stating that "[a]t the present time SFC Martinez's license to drive is revoked administratively for his alleged refusal to submit to a chemical test." Rec. doc. 11, ex. 3. In response, Mr. Martinez failed to produce any evidence indicating that his discharge was racially based.[3] Therefore, even though Mr. Isaacs was not entitled to absolute immunity as to Mr. Martinez's equitable claims, the grant of summary judgment to Mr. Isaacs was proper.
 
 
 9
 Accordingly, the district court's grant of summary judgment to the defendant Mr. Isaacs is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "established that a civilian has a cause of action against a federal official in his individual capacity for damages to the civilian arising out of the federal official's violation of federal constitutional law." Applewhite v. United States Air Force, 995 F.2d 997, 999 n. 8 (10th Cir.1993), cert. denied, 114 S.Ct. 1292 (1994)
 
 
 [3]
 In his response to Mr. Isaacs's motion for summary judgment, Mr. Martinez stated that his license was never suspended or revoked and that he was found not guilty of the charge of driving while intoxicated. Rec. doc. 9, at 2. He attached a "Limited Driver/License Summary" from the New Mexico Motor Vehicle Division dated January 10, 1994, which listed no revocations or suspensions in the "Current Status" section
 Mr. Martinez's submissions do not rebut the evidence produced by Mr. Isaacs that, at the time National Guard officials decided to discharge Mr. Martinez, his license was suspended. More importantly, a dispute as to the suspension of Mr. Martinez's license does not itself constitute evidence of racial discrimination sufficient to defeat Mr. Isaacs's well-supported motion for summary judgment.