Angela MORSE and Stacy
Handley, Plaintiffs,

v.

Togo G. WEST, as Secretary of the Army,
James Liedle, and Russell Danis,
Defendants.

Civil Action No. 97–D–579.

United States District Court,
D. Colorado.

Sept. 18, 1997.

L. Dan Rector, Norton Frickey & Associates, Colorado Springs, CO, for Plaintiffs.

Michael E. Hegarty, Asst. U.S. Atty., Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

DANIEL, District Judge.

THIS MATTER comes before the Court in connection with Secretary of the Army Togo G. West's motion to dismiss. The factual background is as follows. At all times pertinent to the complaint, Plaintiffs Angela Morse ("Morse") and Stacy Handley ("Handley") were cadets in the Reserve Officer Training Corp. ("ROTC") program at the University of Colorado at Colorado Springs, and under the direction of the Department of the Army through Ft. Carson, Colorado. Defendants are Togo G. West ("West"), Secretary of the Army, James G. Liedle ("Liedle"), a Colonel in the United States Army stationed at Ft. Carson, Colorado, and Russell Danis ("Danis"), a cadet in Plaintiffs' ROTC program.

Plaintiffs' first and second claims allege violations of the Federal Tort Claims Act ("FTCA") for alleged acts of gender bias and sexual harassment during their tenure as ROTC cadets. Specifically, Morse claims unwanted sexual advances from Danis, a hostile environment created by Danis and other ROTC program superiors, and retaliation for reporting acts of sexual harassment and hostile environment, including denial of opportunities within the ROTC program. Handley claims a hostile environment created by Liedle, Danis and other military representatives of the ROTC program, that a civil lawsuit was instituted by her against Liedle, and retaliation for reporting acts of sexual harassment and hostile environment, including denial of opportunities within the ROTC program. Plaintiffs' third and fourth claims seek relief under Section 1983 and the United States Constitution, alleging that the acts of Danis and others constituted an intentional deprivation of their civil rights and denial of due process under color of federal law. Plaintiffs' fifth claim is for outrageous conduct/intentional infliction of emotional distress and the sixth claim is for outrageous conduct/malicious prosecution.

West's motion to dismiss asserts that the Court lacks subject matter jurisdiction over the claims against West pursuant to

*Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). In *Feres,* the Supreme Court held "that the government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or in the course of activity incident to service." *Id.* at 146, 71 S.Ct. at 159; *see also Quintana v. United States,* 997 F.2d 711, 712 (10th Cir.1993). The motion also argues that the constitutional claims are barred because the United States has not waived its sovereign immunity for constitutional torts, and that 42 U.S.C. § 1983 applies only to state actors.[1]

Plaintiffs argue that *Feres* does not apply because they, as cadets in the ROTC, were not service members of the government. Plaintiffs argue that Magistrate Judge Pringle of this Court has already found that ROTC cadets are not deemed members of the military, and that Ms. Handley specifically is not a "military employee." Plaintiffs cite the Findings of Fact, Conclusions of Law, and Recommendation of United States Magistrate Judge Bruce D. Pringle in *Liedle v. Handley,* Case No. 95–B–2142, which was affirmed by Judge Babcock. I find this argument to be unavailing because Magistrate Judge Pringle specifically declined to determine the issue of whether Handley, as an ROTC cadet, was an "employee of the government" or a member of the military for purposes of the Federal Tort Claims Act. *See* Recommendation at p. 10.

After reviewing the pertinent legal authorities, I agree with West that Plaintiffs, as ROTC cadets, are service members of the military subject to the *Feres* doctrine. The Tenth Circuit holds that a person may be considered a "service member" even though he or she is not on active duty in the military. *Quintana,* 997 F.2d at 712 ("[a]ctive duty status is not necessary for the *Feres* 'incident to service' test to apply"). The Tenth Circuit in *Quintana* cited with approval the holding in *Duffy v. United States,* 966 F.2d 307, 312 (7th Cir.1992) and *Norris v. Lehman,* 845 F.2d 283, 287 (11th Cir.1988), wherein the Seventh and Eleventh Circuits held that the

dispositive inquiry is not whether the service member was on active duty but whether he or she stood in some sort of relationship to the service such that the events arose out of activity incident to service. *Id.* Applying this test, the Tenth Circuit found that the *Feres* doctrine barred plaintiff's claim which occurred while she was on reserve status, rather than active duty status, in the National Guard. *Id.*

Other cases from this jurisdiction are consistent with the holding in *Quintana,* looking not to whether the plaintiff was on active duty but whether the claims arose incident to military service. *See Martelon v. Temple,* 747 F.2d 1348, 1349–51 (10th Cir.1984), *cert. denied,* 471 U.S. 1135, 105 S.Ct. 2675, 86 L.Ed.2d 694 (1985) (claim of technician employed as a civilian whose employment was contingent upon membership in the National Guard was barred by *Feres* because it was "clearly related to military employment"); *Burkins v. United States,* 865 F.Supp. 1480, 1493–95, n. 13 (D.Colo.1994) (claims of AWOL soldier in National Guard were barred by *Feres* doctrine since the alleged injuries were sustained incident to military service, citing cases where plaintiffs were precluded from filing suit despite the fact that they were not on ordinary, active service). Further, courts from other jurisdictions have reached similar results. *Miller v. United States,* 42 F.3d 297, 300 (5th Cir.1995) (claims of Naval Academy cadet were barred by *Feres* because he was "in training for future military service as [an] officer[ ]"); *Joseph v. United States,* 505 F.2d 525, 526–27 (7th Cir.1974) (alleged negligence which occurred in preinduction physical while plaintiff was still a civilian was barred by *Feres* when the injury came about as a result of later military activity); *Bowers v. United States,* 904 F.2d 450, 451–52 (8th Cir.1990) (same); *Jackson v. United States,* 110 F.3d 1484, 1487–88 (9th Cir.1997) (claim of member of the Naval Reserve who was on "inactive-duty training" was barred by *Feres* where injury occurred incident to military service).

■ Here, I find that the alleged incidents of harassment were incident to military ser-

---

**1.** West also seeks dismissal of Plaintiffs' fifth and sixth claims. However, since Plaintiffs have stated in their response that these claims are not

asserted as to West, I do not address that issue herein.

vice since they occurred during the Plaintiffs' involvement with the ROTC program and its military cadets and officials. Indeed, Plaintiffs admit in their complaint that the claims arose during their service in the ROTC program. This holding is consistent with one of the main reasons for application of the *Feres* doctrine, namely, the fear of damaging the military system. *Burkins,* 865 F.Supp. at 1493. Here, as in *Burkins,* the claims of Plaintiffs would require "delving into the acts of the Defendants and the investigation surrounding Plaintiffs injury" which would, "in all likelihood require judicial second-guessing of military orders." *Id.* at 1494–95. Thus, application of *Feres* to Plaintiffs' claims is warranted. The Second Circuit reached a similar result as to ROTC students in *Wake v. United States,* 89 F.3d 53 (2nd Cir.1996). Accordingly, I find that Plaintiffs' first and second claims against West must be dismissed.[2]

■ I find that the third and fourth claims asserting violations of the Constitution pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) are also barred because "the military enjoys an immunity to *Bivens* claims that is coextensive with its Feres immunity". *Maddick v. United States,* 978 F.2d 614, 615 (10th Cir. 1992) (quoting *United States v. Stanley,* 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987)). Finally, to the extent the third and fourth claims rely on Section 1983, dismissal is also appropriate. *Martelon,* 747 F.2d at 1350–51.

Based upon the foregoing, it is

ORDERED that Plaintiffs' first, second, third and fourth claims against Defendant Togo G. West only are DISMISSED with prejudice and Defendant West is DISMISSED from the case.

---

2. Although not a basis for my holding, an alternative ground for dismissal of Plaintiff's tort claims is that, since they are based on sexual harassment, Title VII is implicated. Title VII does not apply to officers of personnel of the armed services. *See Salazar v. Heckler,* 787 F.2d 527, 530 (10th Cir.1986); *see also Corey v. United States,* No. 96–6409, 1997 WL 454521, at *2–3, 124 F.3d 216, at ——–—— (10th Cir. August 20, 1997) (unpublished disposition); *Callis v. Shannon,* No. 93 CIV.4983 (RPP), 1994 WL 116007, at *2 (S.D.N.Y.1994).